IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY WOODS | § | |
| v. | § | CIVIL ACTION NO. 6:16cv492 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Anthony Woods, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Woods was convicted on February 6, 2012, of two counts of driving while intoxicated, receiving sentences of 30 and 20 years. He took a direct appeal and his convictions were affirmed by the Sixth Judicial District Court of Appeals on April 17, 2013. *Woods v. State*, slip op. no. 06-12-00042-CR, 2013 WL 1644432 (Tex.App.-Texarkana, April 17, 2013, pet. ref'd). His petition for discretionary review was refused by the Texas Court of Criminal Appeals on August 21, 2013.

Woods filed two state habeas corpus applications on July 3, 2012, and April 6, 2013, but both of these were dismissed on procedural grounds because his direct appeal was still pending. He signed two more state habeas corpus applications on December 9, 2013. These were denied without written order by the Texas Court of Criminal Appeals on April 2, 2014. Woods signed his federal habeas corpus petition on May 31, 2016.

## II. Woods' Claims and the Respondent's Answer

In his original federal habeas petition, Woods asserted that: (1) the trial court improperly enhanced a misdemeanor DWI to felony DWI based on a conviction that was over 10 years old; (2) the trial court improperly enhanced a misdemeanor DWI to felony DWI by applying a prior enhancement which was not of a similar nature; (3) the trial court proceeded to trial without considering petitioner's mental state, when he was under the care of mental health professionals and under the influence of prescribed narcotics; (4) the trial court failed to provide a change of venue when both the judge and the prosecutor had a conflict of interest; (5) a misdemeanor used for enhancement did not have a final judgment entered; (6) the judge committed fraud by allowing the misdemeanor without a judgment to be used for enhancement; (7) petitioner's trial counsel was ineffective; (8) petitioner's appellate counsel was ineffective; and (9) petitioner was actually innocent of a third degree felony because of the improper enhancements.

The Respondent filed an answer asserting that Woods' petition is barred by the statute of limitations. Woods did not file a reply to the answer. A question on the standard §2254 habeas corpus form asks the petitioner to explain why the one-year limitations period does not bar his petition if the conviction became final over one year earlier, but Woods left the question blank.

## III. The Report of the Magistrate Judge

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that Woods' petition be dismissed as barred by the statute of limitations. This statute, set out in 28 U.S.C. §2244(d), reads as follows:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**      the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge determined that Woods' petition for discretionary review was refused on August 21, 2013, and Woods had 90 days from that date in which to seek certiorari from the U.S. Supreme Court. When he did not do so, his conviction became final at the expiration of the time in which to seek certiorari, on November 19, 2013.

The Magistrate Judge determined that Woods did not demonstrate any state-created impediments preventing him from seeking habeas corpus relief in a timely manner, nor is Woods asserting a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review. Nor does Wood contend that any of the factual predicates of his claims could not have been discovered in a timely manner through the exercise of due diligence.

The Magistrate Judge stated that Woods' first two state habeas corpus applications, which were dismissed because his direct appeal was still pending, were not properly filed and did not toll the running of the limitations period. Woods' third and fourth state habeas applications were signed on December 9, 2013, which was 20 days after his conviction became final. These applications tolled the limitations period with 345 days left.

Once these applications were denied on April 2, 2014, the limitations period began to run again and expired 345 days later, on March 13, 2015. However, Woods did not sign his federal habeas corpus petition until May 31, 2016, over one year and ten weeks after the limitations period had expired.

The Magistrate Judge further determined that Woods had failed to exercise reasonable diligence and showed no valid basis for equitable tolling of the limitations period. The Magistrate

Judge therefore recommended that Woods' application for the writ of habeas corpus be denied and that Woods be denied a certificate of appealability *sua sponte*.

## IV. Woods' Amended Petition

Woods received a copy of the Magistrate Judge's Report on March 29, 2017. He did not file objections, but did submit an amended petition on May 4, 2017. In the interest of justice, the Court will consider this amended petition as objections, albeit untimely, to the Report of the Magistrate Judge.

Woods first states that his amended petition is timely because the Respondent has not filed a responsive pleading. The docket shows that the Respondent filed an answer on October 31, 2016. This assertion lacks merit.

Woods then argues the merits of his claims, asserting: (1) the case wasn't a felony but a misdemeanor; (2) there was no warrant to take his blood and the technician was not qualified to draw blood; (3) he was illegally detained but not arrested, so there was no deemed consent to a blood draw; (4) the county stole the bloodwork from him because the bloodwork was paid for by Woods' Medicaid insurance and he did not sign any release forms; and (5) he received ineffective assistance of counsel.

In a brief in support of his amended petition, Woods again contends that no responsive pleading has been filed. He asserts that his amended petition was timely filed under *Jiminez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). He goes on to argue that: (1) he received ineffective assistance of counsel; (2) the indictment was fundamentally defective; (3) there was no warrant to take his blood after he refused consent; (4) trial counsel failed to move to suppress evidence; (5) he was not given his *Miranda* warnings; (6) he was denied due process by the fact that he has been in prison for six years on a Class A misdemeanor; (7) two of his prior convictions for driving while intoxicated should not be on his record; and (8) he was subjected to cruel and unusual punishment because "the Judge use his courtroom to give out big time to people he don't like and he retaliate and seek out revenge in his courtroom he was the District Attorney in

my Injury to an Elder Person (an old white lady) in 1993." Woods attaches a number of exhibits to his amended petition, but none of these concern the statute of limitations.

## V. Discussion

The Magistrate Judge determined that Woods' petition should be dismissed because it was filed outside of the statute of limitations. Woods' amended petition, construed as objections to this Report, alludes to a limitations period only briefly, arguing the amended petition is timely filed under 28 U.S.C. §2244(d)(1)(A) and *Jiminez*.

28 U.S.C. §2244(d)(1)(A) specifies that the statute of limitations begins to run on the date the conviction becomes final. The Magistrate Judge correctly determined that Woods' conviction became final upon the expiration of the time in which Woods could have sought certiorari from the refusal of his petition for discretionary review. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). This occurred on November 19, 2013. The plain language of 28 U.S.C. §2244(d)(1)(A) demonstrates that Woods' petition is not timely.

Woods also cites *Jiminez v. Quarterman*, in which the Supreme Court held that if a state court grants a criminal defendant the right to file an out-of-time direct appeal, the date of finality for purposes of the federal statute of limitations runs from the date that the out-of-time appeal is concluded, not the date the conviction originally became final. *Jiminez*, 555 U.S. at 119. Woods does not assert, and the state court records do not show, that he was granted an out-of-time direct appeal. The Magistrate Judge correctly concluded that Woods' limitations period expired on March 13, 2015, over a year before he sought federal habeas corpus relief.

Woods does not object to the Magistrate Judge's conclusion that he is not entitled to equitable tolling. Nor does Woods' amended petition set out a plausible claim of actual innocence. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). The actual innocence exception applies only where the petitioner shows, as a factual matter,

that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 U.S. at 1928, *citing Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

In *Schlup*, the Supreme Court explained that to be credible, a claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Woods has offered nothing to suggest that he is actually innocent so as to pass through the gateway and avoid the operation of the statute of limitations. The objections contained in his amended petition are without merit.

**VI. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

6

**ORDERED** that the Petitioner Anthony Woods is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

    **So ORDERED and SIGNED this 11th day of May, 2017.**

_____
Ron Clark, United States District Judge